# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-0161V
### Filed: April 10, 2018
### UNPUBLISHED

---

LINDA RUSSELL,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Richard L. Hughes, Mogab & Hughes Attorneys, PC, St. Louis, MO, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 2, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on August 18, 2015. Petition at preamble. On October 30, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 40).

On March 12, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 47). Petitioner requests attorneys' fees in the amount of $31,669.90 and attorneys' costs in the amount of $1,224.70. *Id.* at 12-13. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 48). Thus, the total amount requested is $32,894.60.

On March 26, 2018, respondent filed a response to petitioner's motion.  (ECF No. 36).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exception.

Petitioner requests compensation for her attorney, Mr. Hughes, at a rate of $430 per hour for time he billed in 2015 and 2016; $440 per hour for time billed in 2017 and $455 per hour for time billed in 2018.  (ECF No. 47 at 11).   The undersigned finds the proposed rates excessive based on his experience in the Vaccine Program. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large.  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health and Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health and Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule, an attorney with over 31 years of experience[3] is entitled to the following hourly rates:

- 2014 – 2016  $385 - $430
- 2017          $394 - $440
- 2018          $407 - $400

---

[3] The Attorneys' Fee Schedule for 2018  is available at http://www.cofc.uscourts.gov/node/2914

The undersigned shall reduce Mr. Hughes's hourly rates as follows: $385 for work performed in 2015; $400 for work performed in 2016; $415 for work performed in 2017 and $430 for work performed in 2018. This **reduces the request for fees by $1,771.50**.

It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  A total of 8 hours was spend by Mr. Hughes's paralegal to transcribe dictation. This task is considered administrative overhead and the undersigned **reduces the request for fees by $1,168.00.**

Petitioner requests reimbursement for attorney costs in the amount of $1,224.70. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount sought for attorney costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for reduced attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $29,955.10[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Richard L. Hughes.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.